**Yeung Mung WENG, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**Docket No. 01–6137.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2002.

Yeung Mung Weng, Ray Brook, NY, pro se.

Varuni Nelson, Arthur P. Hui, Leslie Brodsky, Assistant United States Attorneys for the Eastern District of New York, for Alan Vinegrad, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present LEVAL, CALABRESI, Circuit Judges, and STEIN, District Judge.[1]

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is ORDERED, ADJUDGED, AND DE-CREED that the judgment of the district court be and it hereby is AFFIRMED.

Plaintiff–Appellant Yeung Mung Weng ("Weng"), *pro se* and *in forma pauperis,* appeals from a judgment of the district court adopting the Report and Recommendation of Magistrate Judge John L. Caden that Weng's property, consisting of $65,900 in currency and approximately $19,000 worth of jewelry, was subject to forfeiture, pursuant to 21 U.S.C. § 881(a)(6), as the proceeds of illegal narcotics trafficking.

FBI agents seized Weng's property at the time of his arrest on narcotics charges in November 1990 and subsequently initiated administrative forfeiture proceedings as provided by 19 U.S.C. § 1607. The FBI mailed Notices of Intent to Forfeit to Weng's last known address and to the detention facility, where it believed Weng was in custody, and published the notices once per week for three successive weeks in newspapers of general circulation. When no claims were made for the jewelry or currency, the FBI declared the property administratively forfeited pursuant to 19 U.S.C. § 1609. In 1995, Weng brought suit in district court seeking the return of the property. The district court dismissed the complaint. On February 24, 1998, this Court vacated the district court's order on the grounds that the mailing of notices to the detention facility was insufficient notice of the forfeiture. *Weng v. United States,* 137 F.3d 709, 715 (2d Cir.1998).[2] We vacated the judgment of the district court and remanded to determine if Weng

1. The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

2. In *Dusenbery v. United States,* 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), the Supreme Court abrogated this Court's decision, holding that the government is not required to provide actual notice of its intent to forfeit seized property as long as its efforts to give notice are reasonable under the circumstances.

had actually received the notices of forfeiture.

On March 19, 1999, the government informed the district court that it was unable to establish that Weng had received actual notice of the administrative forfeiture. (A.10.) On March 22, 1999, the district court ordered that Weng was entitled to a hearing to determine whether the property was subject to forfeiture and referred the case to Magistrate Judge Caden for a hearing on the merits. (A.12–13.) A hearing was held on April 29, 30, and May 5, 1999, and on June 28, 1999, Judge Caden filed a Report and Recommendation finding that the property was subject to forfeiture. (A.124.) Weng submitted a number of objections to the Report and Recommendation. On March 20, 2001, Judge Raymond J. Dearie issued a Memorandum and Order dismissing Weng's objections and adopting the magistrate's report. (A.144.)

■ Weng now argues that upon determining that he had not received actual notice of the administrative forfeiture, the district court should have returned the property to him. This is incorrect. When notice of an administrative forfeiture proceeding is deficient, the proper remedy is to allow the claimant to litigate the merits of the forfeiture in district court. *See Boero v. Drug Enforcement Admin.*, 111 F.3d 301, 307 (2d Cir.1997).

■ We see no error in the decision below. Magistrate Judge Caden found that the government's evidence of Weng's involvement in heroin trafficking and his statements following arrest denying that he had any assets established probable cause that the items seized were the proceeds of narcotics trafficking. Since Weng put on no evidence challenging the government's position, the forfeiture was proper.

*See United States v. Daccarett*, 6 F.3d 37, 56–57 (2d Cir.1993).

The district court's judgment is hereby AFFIRMED.