13-4008-cr
United States of America v. Brome

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of April, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
             RAYMOND J. LOHIER, JR.,
                  *Circuit Judges*.

---

UNITED STATES OF AMERICA,

                  *Appellee*,

            v.                                                  13-4008-cr

ANTONIO COBB, AKA TONE, AKA TONY, AKA CHARGER, RICHARD CREGO, AKA RICK, THOMAS HORTON, AKA TOMMY, AKA TUNA, PEDRO KLINE, MELINDA CRUZ, AKA MINDY, PATRICK FRANK,

                  *Defendants*,

            v.

JAMES BROME, AKA TROUBLE, B,

                  *Defendant-Appellant*.

---

Appearing for Appellant:     Steven Y. Yurowitz, New York, NY.

Appearing for Appellee:     Monica J. Richards, Assistant United States Attorney, *for* William
                            J. Hochul, Jr., United States Attorney for the Western District of
                            New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York
(Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,
AND DECREED** that the order of said District Court be and it hereby is **VACATED**, and the
case is **REMANDED**.

Appellant James Brome appeals from the October 4, 2013 order of the district court for
the Western District of New York (Siragusa, *J.*), denying his petition for the return of his
property pursuant to Federal Rule of Criminal Procedure 41(g). We assume the parties'
familiarity with the underlying facts, procedural history, and specification of issues for review.

On September 12, 2010, Brome and his girlfriend were pulled over by the Lyons Police
Department for a traffic violation. The officer ran their identifications and learned that neither
had an active driver's license. An officer patted Brome down and discovered $21,019 in cash in
his pockets. The officer seized the money and gave Brome a receipt. Several weeks later, Brome
was arrested after engaging in a narcotics transaction in the presence of an agent from the Drug
Enforcement Administration ("DEA") and other state and local law enforcement. He was
indicted federally, and ultimately pleaded guilty to one count of conspiracy to possess with intent
to distribute, and to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.
Brome was sentenced to 204 months' imprisonment.

On September 23, 2013, following the entry of a judgment of conviction against Brome
in his criminal case and his sentencing, Brome filed a pro se "petition for the return of illegally
seized property pursuant to Federal Rules of Criminal Procedure Rule § 41(g)." App'x at 186.
Brome argued that the cash was illegally seized. He also stated that he "has [written] not less
than three-(3) letters asking for the return of money seized on September 12, 2010," and that "all
letters have gone unanswered to date." App'x at 189. The next relevant entry on the docket is the
district court's ruling on Brome's motion. On October 4, 2013, the district court wrote a letter to
Brome, denying his motion, which states:

> I am in receipt of your "Petition for the Return of Illegally Seized Property
> Pursuant to Federal Rules of Criminal Procedure Rule § 41(g)". I have been
> advised by the United States Attorney's Office that the $[21,019][1] cash was
> administratively forfeited by the DEA on February 25, 2011. Therefore, your
> petition is denied.

App'x at 196.

---

[1] The district court and government incorrectly refer to the amount of cash forfeited as $21,109.

On appeal, the government states that the district court "denied [Brome's] petition . . . based on the fact that the funds had been administratively forfeited by the DEA" "[w]ithout directing a written response from the government." Appellee Br. at 5. However, upon order from this Court, the government submitted email correspondence between the Assistant United States Attorney ("AUSA") then working on this case and the judicial assistant to the district court. On October 4, 2013, the judicial assistant emailed the AUSA, "Judge Siragusa asked that I check with you re status of returned property for Mr. Brome. He has filed a petition for the return of the property." Dkt. No. 78, at 2. The same day, the AUSA responded, "The $21,019 cash Brome seeks the return of was administratively forfeited by the DEA on February 25, 2011." Dkt. No. 78, at 2.

It is true that, as the government argues, the general rule is that "a federal court lacks jurisdiction to review the merits of administrative forfeiture decisions once the administrative process has begun." *U.S. (Drug Enf't Agency) v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835*, 972 F.2d 472, 480 (2d Cir. 1992). However, even when property has been administratively forfeited, federal courts have jurisdiction to "determin[e] whether the agency followed the proper procedural safeguards when it declared [claimant's] property summarily forfeited." *Id.* (second alteration in original) (internal quotation marks omitted). *See also Polanco v. DEA*, 158 F.3d 647, 651 (2d Cir. 1998); *Boero v. DEA*, 111 F.3d 301, 304-05 (2d Cir. 1997). The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, now provides "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute," *id.* § 983(e)(5), and explicitly permits the court to consider only the issue of adequate notice, *id.* § 983(e)(1).

Though Brome did not file a complaint under CAFRA, and instead filed a motion under Rule 41(g), the government concedes that this was not fatal to the district court's jurisdiction given that Brome was pro se at the time. The government argues only that Brome's failure to "assert a lack of notice claim in the district court" ensured that his petition failed to confer jurisdiction on the district court. *See* Appellee Br. at 1. Though Brome's petition was hardly clear in making a notice argument, we conclude that the petition, in reciting the relevant facts, did include an allegation—whether ultimately proved correct or otherwise—that Brome never received notice of the forfeiture. *See* App'x at 189 (stating that Brome "has [written] not less than three-(3) letters asking for the return of money seized on September 12, 2010" and that "all letters have gone unanswered to date"). In light of the fact that the district court denied the motion without either the court or the government first notifying Brome—in the context of this proceeding—of the administrative forfeiture, thus potentially providing Brome an opportunity to respond, we also conclude that these statements sufficiently raised a notice challenge under the liberal construal standards for pro se parties. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (citation and internal quotation marks omitted)).

We therefore vacate the district court's ruling on Brome's Rule 41(g) motion. On remand, the district court shall determine in the first instance the sufficiency of the notice in connection with the administrative forfeiture.

We have considered the remainder of Brome's arguments and find them to be without merit.  Accordingly, the order of the district court hereby is VACATED, and this case is REMANDED for proceedings consistent with this order.

FOR THE COURT:<br>Catherine O'Hagan Wolfe, Clerk