18-858 (L)
United States v. Brome

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2018

(Argued: April 12, 2019     Decided: November 7, 2019)

Docket Nos. 18-858-cr(L), 18-1199-cr(CON)

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.

JAMES BROME, AKA TROUBLE, AKA B,

*Defendant-Appellant.**

_____

Before:

CALABRESI, LIVINGSTON, and LOHIER, *Circuit Judges.*

James Brome appeals from an order of the United States District Court for the Western District of New York (Siragusa, *J.*) denying his challenge to the administrative forfeiture of $21,019. In this opinion, we address and reject Brome's argument that the Government failed to provide him with adequate notice of the administrative forfeiture action while he was in prison, in violation of his due process rights. We hold that the Government generally must demonstrate the existence of procedures reasonably calculated to ensure that a prisoner receives notice of the forfeiture action. In a separate summary order filed simultaneously with this opinion, we dispose of Brome's

_____

* The Clerk of Court is directed to amend the official caption to conform with the above.

remaining challenge to the District Court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). **AFFIRMED**.

STEVEN Y. YUROWITZ, Newman & Greenberg LLP, New York, NY, *for Defendant-Appellant* James Brome.

SEAN C. ELDRIDGE, Assistant United States Attorney (Mary C. Baumgarten, Assistant United States Attorney, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Rochester, NY, *for Appellee* United States of America.

PER CURIAM:

James Brome appeals from an order of the United States District Court for the Western District of New York (Siragusa, J.) denying his challenge to the administrative forfeiture of $21,019 found in his pocket upon arrest. In this opinion, we address and reject Brome's argument that the Drug Enforcement Administration (DEA) failed to provide him with adequate notice of the administrative forfeiture action while he was in prison, in violation of the Due Process Clause of the Fifth Amendment. We hold that the Government generally must demonstrate the existence of procedures reasonably calculated to ensure that a prisoner receives notice of the forfeiture action. In a separate summary order filed simultaneously with this opinion,

we dispose of Brome's remaining challenge to the District Court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

**BACKGROUND**

Shortly after midnight on September 12, 2010, a police officer with the Lyons Police Department in Wayne County, New York stopped a car driven by Brome's common-law wife with Brome in the passenger seat. After running identification checks, the officer learned that neither Brome nor his wife had a valid driver's license and that Brome was on parole for a felony weapons conviction. Both Brome and his wife were asked to step out of the car and were patted down for weapons. The officer seized $21,019 in cash from Brome's pockets.

For reasons not relevant here, the local district attorney's office declined to proceed with a state forfeiture action relating to the seized cash, and on October 7, 2010, the DEA adopted the seizure and proceeded with a federal forfeiture action under 18 U.S.C. § 983 and 19 U.S.C. § 1607. Consistent with these statutory provisions, the DEA attempted to send notice of its forfeiture to Brome. On November 3, 2010, the DEA mailed notice to Brome's last known home address, but the mail was returned unopened. Notice of the

cash seizure was also published in the *Wall Street Journal* three times in three consecutive weeks that same month.

On November 30, 2010, the DEA arrested Brome on state narcotics charges, and he was detained in the Wayne County jail facility. That same day, the DEA sent notice of the forfeiture again to Brome's home address. On December 27, 2010, it sent notice by certified mail and first class mail to Brome in the Wayne County jail where he was actually located. The notice mailed to the jail incorrectly listed the date of seizure as October 7, 2010, rather than the actual seizure date of September 12, 2010.

By February 22, 2011, Brome had not filed a claim for the seized cash, so the DEA administratively forfeited it under federal law. In May 2011 a federal grand jury indicted Brome for conspiring to possess with intent to distribute cocaine and cocaine base, and the state charges against him were dropped.

Over two years later, on September 16, 2013, Brome, proceeding pro se, moved in the District Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the return of the seized cash. The District Court denied the motion, and Brome appealed. Construing Brome's motion as a

challenge to the sufficiency of the DEA's notice, a panel of this Court vacated the District Court's denial and instructed it on remand to determine in the first instance whether the notices had been adequate. See United States v. Brome, 646 F. App'x 70, 73 (2d Cir. 2016).

On remand, the Government submitted an affidavit from an officer employed at the Wayne County jail where Brome was detained. The affidavit described the inmate mail logging and distribution system in operation there at the time the DEA attempted to send notice to Brome and explained that an officer would distribute the mail by calling the name of each inmate who received mail on a particular day. Def. App'x 74–75. Attached to the affidavit was a printout of the mail log for December 29, 2010, showing that the Wayne County jail had received two envelopes from the DEA addressed to Brome that day. Def. App'x 77.

Relying on the Government's affidavit and citing Dusenbery v. United States, 534 U.S. 161 (2002), the District Court found that the DEA's notice to Brome at the Wayne County jail "was reasonably calculated to apprise Brome of the administrative forfeiture." Def. App'x 86. It therefore denied Brome's Rule 41(g) motion, and this appeal followed.

**DISCUSSION**

The relevant section of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983, provides "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." Id. § 983(e)(5). The right to seek to set aside the forfeiture is limited to claims of lack of adequate notice. Lucas v. United States, 775 F.3d 544, 547 (2d Cir. 2015). The overriding constitutional question, of course, is whether notice of the forfeiture comports with the Due Process Clause of the Fifth Amendment, which requires that the Government provide notice that is "reasonably calculated under all the circumstances" to apprise the prisoner of both the "pendency of the cash forfeiture" and the prisoner's right to contest it. Dusenbery, 534 U.S. at 168. Although we previously held that the Government needed to provide "actual" notice, see Yeung Mung Weng v. United States, 137 F.3d 709, 715 (2d Cir. 1998), we have since recognized that Dusenbery abrogated that holding, see Yeung Mung Weng v. United States, 29 F. App'x 731, 732 n.2 (2d Cir. 2002). Today, we hold, consistent with Dusenbery, that the Government does not need to "provide actual notice"; it

6

is enough that it "attempt to provide actual notice." Dusenbery, 534 U.S. at 170.

But that does not end our inquiry. Even after Dusenbery, a split persists among the courts of appeals regarding what constitutes adequate notice to prisoners. In particular, there is no "single view" about whether a presumption exists "that notice sent by mail to the institution in which the addressee-prisoner is housed" is reasonably calculated to apprise an incarcerated petitioner of the forfeiture action. Nunley v. Dep't of Justice, 425 F.3d 1132, 1137–38 (8th Cir. 2005). The First, Sixth, Seventh and Tenth Circuits have held that such a presumption exists when the notice is by certified mail to the proper prison facility. See Chairez v. United States, 355 F.3d 1099, 1101–02 (7th Cir. 2004); Whiting v. United States, 231 F.3d 70, 76–77 (1st Cir. 2000); United States v. Real Property ("Tree Top"), 129 F.3d 1266 (Table), at *2 (6th Cir. 1997); United States v. Clark, 84 F.3d 378, 381 (10th Cir. 1996). The Third and Fourth Circuits have declined to apply any presumption. Instead, they place the onus squarely on the Government to show that the correctional facility's internal procedures for delivering mail are reasonably calculated to notify the prisoner. See United States v. Minor, 228 F.3d 352, 358 (4th Cir.

2000); United States v. One Toshiba Color Television, 213 F.3d 147, 155 (3d Cir. 2000) (en banc). The Eighth Circuit, meanwhile, has charted a somewhat different course. It rejects the concept of an "irrebuttable presumption" that a prison's mail delivery procedures are adequate, and instead places the burden on the prisoner to demonstrate the inadequacy of the procedures. See Nunley, 425 F.3d at 1137–38.

Joining the Third and Fourth Circuits, we hold that the Government generally must demonstrate the existence of procedures reasonably calculated to ensure that a prisoner receives notice of the forfeiture action. To be clear, the Government is not obliged to prove actual notice, such as a signed receipt from the served prisoner, One Toshiba Color Television, 213 F.3d at 155, and it needs only to attempt to provide such notice, Dusenbery, 534 U.S. at 170. Nor do we require the Government to engage in any "heroic efforts" to notify a prisoner about a forfeiture proceeding. Id. It will ordinarily suffice if the Government demonstrates that it sent notice by certified return receipt to the correctional facility where the prisoner is detained and that the facility's mail distribution procedures are reasonably calculated to deliver the mail to the prisoner. Id. But the point is that we will not simply presume that the

8

Government satisfies its burden by representing that it sent notice by direct mail. Instead, we agree with the Third Circuit that "whether a particular method of notice is reasonable depends on the particular circumstances." One Toshiba Color Television, 213 F.3d at 153 (quoting Tulsa Prof'l Collection Servs. v. Pope, 485 U.S. 478, 484 (1988)).

With these principles in mind, we agree with the District Court that the Government showed that its notice to the Wayne County jail where Brome was detained was "reasonably calculated under all the circumstances" to apprise Brome "of the pendency of the cash forfeiture." Dusenbery, 534 U.S. at 168. We note that the mail procedures at the jail, including its use of a mailroom "logbook" and the distribution of mail during a mail call, are similar in every relevant way to those approved in Dusenbery. See id. at 169. The December 27, 2010 notice was sent by certified mail, return receipt requested, to James S. Brome, Prisoner ID No. 101700, Wayne County Jail, 7368 New York 31, Lyons, NY, 14489. And the mail was accepted for delivery by an employee at the jail, who signed for it. Written notice was also sent by first class mail, received at the facility, and entered into the incoming mail log. We therefore agree with the District Court that notice here was "reasonably

9

calculated to apprise Brome of the administrative forfeiture action."[1]  Def. App'x 86.

Brome disputes that sending the notice to the jail was "reasonably calculated" to apprise him of the forfeiture action.  First, he argues that the DEA was required to know at the time it sent notice that the mail distribution procedures at the Wayne County jail were adequate.  This cannot be right since the Supreme Court in <u>Dusenbery</u> itself relied on after-the-fact testimony of a corrections officer, not any federal official's subjective knowledge of the prison's notice procedures, to determine in that case that notice satisfied due process.  <u>See</u> 534 U.S. at 165–66, 169.  So long as the Government has the burden of showing that its methods were "reasonably calculated" to inform the prisoner of the forfeiture, imposing such a knowledge requirement is unnecessary.  Second, Brome argues that the notices were not "reasonably calculated" to apprise him of the forfeiture action because they incorrectly listed the funds' "seizure date" as October 7, 2010, the date the DEA adopted the seizure from local authorities.  We disagree.  The notices included enough

---

[1] It therefore goes almost without saying that we would consider the notice here adequate under any of the rules announced by our sister circuits.

other identifying information, such as the exact amount of money at issue and the place where it was seized, that we easily conclude that due process was not offended by the minor error.  Despite the error, Brome was fully able to understand the "pendency of the cash forfeiture."  See id. at 168.  We therefore affirm the District Court's dismissal of Brome's challenge to the adequacy of the Government's notice.

## CONCLUSION

For the foregoing reasons and those set forth in the accompanying summary order, we AFFIRM the order of the District Court.

11