Filed 6/8/21  Felix v. People of California CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| SCOTT EMERSON FELIX,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PEOPLE OF CALIFORNIA,<br><br>Defendant and Respondent. | F080255<br><br>(Super. Ct. No. 14CECG01262)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Fresno County.  Kimberly A. Gaab, Judge.

Scott Emerson Felix, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

Plaintiff Scott Emerson Felix, a self-represented civil detainee held at the California State Hospital in Coalinga, brought this appeal to challenge the denial of his motion for relief from the dismissal of his petition for writ of mandate.  (Code Civ. Proc.,

---

[*]        Before Franson, Acting P.J., Peña, J. and Snauffer, J.

1

§ 473, subd. (b).)[1]  The dismissal was based on Felix's failure to appear telephonically at a scheduled hearing.  Felix's declaration stated he never received notice of the hearing.  Under the evidentiary standard established by our Supreme Court in *Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233 (*Elston*), we conclude Felix's unopposed declaration was sufficient to establish the surprise necessary to obtain relief under section 473, subdivision (b).

Felix, however, has not demonstrated the denial of his motion for relief was prejudicial, a constitutionally required element of reversible error.  (Cal. Const., art. VI, § 13; see § 475.)  Specifically, Felix has not demonstrated his writ petition was properly served "within three years after the action [wa]s commenced."  (§ 583.210, subd. (a).)  As a result, dismissal of his writ petition is mandatory under section 583.250.  It would be pointless for this court to reverse the dismissal for failing to appear at a hearing because, on remand, section 583.250 would require the trial court to dismiss the action for failure to serve the petition within three years after it was filed.

We therefore affirm the order denying appellant's section 473 motion for relief.

## BACKGROUND

On February 24, 2014, Felix signed a verification at the end of his petition for writ of mandate.  The petition named the People of California as the defendant.  Felix alleged he was committed to the custody of the State Department of State Hospitals for an indeterminate term pursuant to the Sexually Violent Predator Act (SVPA), Welfare and Institutions Code section 6600 et seq.  Felix alleged that, as a result of this commitment, he was entitled to treatment under the SVPA and annual evaluations to determine whether he continues to meet the definition of a sexually violent predator.  Felix alleged he never received an annual evaluation, which violated the SVPA and the requirements of

---

[1]    Unlabeled statutory references are to the Code of Civil Procedure.

2

due process. During oral argument, Felix emphasized his allegation that he is not receiving treatment in accordance with the SVPA.

The proof of service by mail attached to the petition stated Felix served the petition by placing it in the outgoing United States Mail receptacle at California State Hospital in Coalinga with appropriate postage affixed and addressed to (1) the clerk of the superior court and (2) the office of the district attorney of Fresno County.

On February 26, 2014, the Fresno County Superior Court stamped the petition "received." On April 9, 2014, the superior court filed the petition and assigned it case No. 14CECG01262. The same day, the court also filed Felix's request for a waiver of court fees.

On May 5, 2014, the trial court filed an "Order on Court Fee Waiver (Superior Court)" using mandatory Judicial Council form FW-003. The order stated the court granted Felix's request and waived his court fees and costs for the items listed, which included filing fees, court fees for phone hearings, and preparation and certification of the clerk's transcript on appeal.

In June 2014, the trial court issued a minute order. This minute order is not part of the appellate record because it was not designated by Felix. The register of actions contains an entry describing the minute order's contents: "There being no appearances and improper service, this matter comes off calendar. Petitioner may have matter reset when proper personal service is [e]ffected and proper proof is on file."

The register of action shows no entries after October 2014 and before October 2018. On October 23, 2018, the superior court issued an order to show cause regarding dismissal of the action for delays in prosecuting the case. The order cited many sections of the Code of Civil Procedure, including sections 583.210 and 583.410. The order set a hearing on December 19, 2018, and advised that failure to appear at the hearing might result in the court dismissing the action. Felix did not appear at the hearing. No one appeared on behalf of defendant because defendant had not been served. The law and

3

motion minute order from the December 19, 2018 hearing states: "Court finds notice has been provided, matter is dismissed due to no appearance."

On February 8, 2019, Felix, who had been representing himself in the proceeding, filed a substitution of attorney stating Harry M. Drandell would act as his attorney of record. The same day, Drandell filed a "REQUEST FOR RELIEF FROM DISMISSAL" along with a supporting declaration from Felix. The request for relief and supporting declaration were served by mail on the Fresno County District Attorney's Office. Felix's declaration referred to his confinement at California State Hospital—Coaling and stated he was not able to be physically present in court. His declaration also stated: "I never received any notification from the Court of any court hearing on December 19, 2018. Had I received such notification I would have arranged to appear telephonically via 'Court Call' as I have appeared in each of my other 2 Fresno Superior Court matters via 'Court Call.' " The declaration asserted the failure to appear was not knowing or intentional because Felix "never received notice of such a hearing." Because no defendant had appeared in the matter, Felix's request for relief was unopposed.

On June 14, 2019, counsel for Felix followed up the request for relief by filing a proposed order to set aside the dismissal. On June 18, 2019, the trial court issue an order stating (1) it had received the proposed order; (2) it had filed Felix's request for relief from dismissal on February 8, 2019; and (3) "[t]he request is denied, as Petitioner has not filed the request through a properly noticed motion." The order did not explain the court's view of proper notice when no defendant has appeared in the matter.

On July 17, 2019, counsel for Felix filed a notice of motion and motion for relief from dismissal and attached a copy of Felix's earlier declaration. The notice stated the hearing date was September 24, 2019. The proof of service attached to the motion for relief and declaration stated the documents had been served by mail on the Fresno County District Attorney's Office and a deputy attorney general with the Attorney General's Office in Fresno.

4

On September 24, 2019, the trial court filed a law and motion minute order stating no party requested oral argument and, as a result, the tentative ruling became the order of the court. The tentative ruling referred to notices of hearings given in Felix's other cases that had been mailed to California State Hospital—Coalinga's Post Office Box 5003[2] rather than its street address on West Jayne Avenue. The ruling discussed Felix's contention that he did not know about the hearing by stating:

> "[N]otice in this action was given to the address given by [Felix] as his address of record, which was proper. Evidence Code section 641 creates a presumption that '[a] letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail.' [Felix's] proof, through judicial notice, that he appeared via CourtCall at the OSC hearings in his other two cases does not prove that the OSC mailed to [Felix] in this case did not reach him. Therefore, the presumption created by Evidence Code section 641 is not rebutted. As the court found at the OSC hearing on December 19, 2018, notice was provided to [Felix], and he did not appear, justifying the order of dismissal. There is no basis to find excusable neglect in not appearing (if that is what is intended by [Felix's] argument)."

The superior court's ruling also stated the motion for relief was denied because it was not timely and because was not accompanied by a copy of the document Felix proposed filing if his request was granted.[3] Interpreting and applying the latter requirement, the court stated: "In the context of dismissal for failure to timely serve the respondent and move the case toward hearing on the petition, this means making a

---

[2] The State Department of State Hospitals' website includes a webpage for the Coalinga facility that provides Post Office Box numbers for where to send funds for a patient's account (P.O. Box 5001) and where to send mail to a patient (P.O. Box 5003). (https://www.dsh.ca.gov/Coalinga/Family_and_Friend_Resources.html) We have not taken judicial notice of these facts because they do not affect the outcome of this appeal.

[3] These grounds appear in the sentence of section 473, subdivision (b) that states: "Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

showing of how [the party seeking relief] proposes to advance the case. This issue was not mentioned in [Felix's] motion or supporting declaration."

Counsel for Felix filed a timely notice of appeal. The notice's box for the name of the attorney or party without attorney listed Felix, "In Propria Persona." Throughout this appeal, Felix has proceeded as a self-represented appellant. No one has appeared on behalf of the named defendant.

## DISCUSSION

I.    DISCRETIONARY RELIEF UNDER SECTION 473

    A.    <u>Basic Principles</u>

Section 473, subdivision (b) provides both mandatory and discretionary relief from judgments and dismissals when certain requirements are met. This appeal involves the discretionary relief provision, which states that a "court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment … or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Because this provision clearly grants discretion to the trial court, appellate courts review the trial court's order under an abuse of discretion standard. (*Zamora v. Clayborn Contracting Group*, *Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).)

"[T]he trial court's discretion is not unlimited and must be " ' "exercised in conformity with the spirit of the law" ' " and must serve, rather than impede, the ends of substantial justice. (*Elston*, *supra*, 38 Cal.3d at p. 233.) In the context of requests for relief, the "spirit of the law" refers to the underlying public policies served by the statute. As with many statutes, section 473 and the California Supreme Court's interpretation of it balances competing policies. Those policies include (1) the preference for deciding disputes on their merits rather than procedural irregularities, (2) the deference given a trial court's exercise of discretionary authority, (3) the judicial efficiency and certainty

6

that results from the enforcement of procedural rules, and (4) the elimination of delays in civil proceedings. (*Ibid.*; see *Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 398; Gov. Code, § 68607 [judge's responsibility to eliminate delay].)

The balance struck gives the most weight to the strong public policy favoring dispositions on the merits. Thus, relief under section 473 is liberally granted where the moving party promptly seeks relief and the party opposing the motion will suffer no prejudice if relief is granted. (*Elston*, *supra*, 38 Cal.3d at p. 233.) In such instances, " 'very slight evidence' " is required to obtain relief. (*Ibid.*) Explaining the very slight evidence standard, the Supreme Court stated that "any doubt in applying section 473 must be resolved in favor of the party seeking relief from the default." (*Ibid.*)

The foregoing principles also affect appellate review—"a trial court order denying relief is scrutinized more carefully than an order permitting trial on the merits." (*Ibid.*) While the abuse of discretion standard of review ordinarily is a deferential one, our Supreme Court has concluded deference is not appropriate where a trial court exercises its discretion to deny relief from a default under section 473. (*Elston*, *supra*, 38 Cal.3d at p. 235.) To implement the strong public policy preference for the resolution of disputes on their merits, "[d]oubts are resolved in favor of the application for relief from default [citation], and reversal of an order denying relief results [citation]." (*Ibid.*) "Unless inexcusable neglect is clear, the policy favoring trial on the merits prevails." (*Ibid.*; cf. *Zamora v. Clayborn Contracting Group*, *Inc.*, *supra*, 28 Cal.4th at p. 258 [superior court did not abuse discretion in *granting* relief].)

B.      Application of Principles

1.      *Surprise*

Courts generally acknowledge that the party moving for relief has the burden of showing that the mistake, inadvertence, surprise, or neglect was excusable. (*Zamora v. Clayborn Contracting Group*, *Inc.*, *supra*, 28 Cal.4th at p. 258.) The term "surprise" as

7

used in section 473, subdivision (b) means some condition or situation in which a party is unexpectedly placed to his injury, without any default or negligence of his own, which ordinary prudence could not have guarded against. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611.)

In this case, Felix argues, in effect, that he was surprised by the dismissal for failure to appear because he did not receive notice of the December 19, 2018 hearing. In other words, Felix asserts he cannot be deemed at fault or negligent for failing to appear at a hearing he did not know was being held. As explained below, we conclude Felix has carried his burden of showing a surprise for purposes of section 473.

### 2.    *Presumption About Mailed Letters*

The trial court committed legal error in evaluating Felix's evidence when it concluded "the presumption created by Evidence Code section 641 is not rebutted." Evidence Code section 641 states: "A letter correctly addressed and properly mailed is presumed to have been received in the ordinary course of mail." This presumption is set forth in the Evidence Code article containing the statutory presumptions affecting *the burden of producing evidence*, not the burden of proof. (See Evid. Code, §§ 630–647.) "A presumption affecting the burden of producing evidence is a presumption established to implement no public policy other than to facilitate the determination of the particular action in which the presumption is applied." (Evid. Code, § 603.) The legal effect of such a presumption is described in Evidence Code section 604, which states the presumption requires "the trier of fact to assume the existence of the presumed fact *unless and until evidence is introduced which would support a finding of its nonexistence*, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption." In other words, once a party denies receipt of a properly mailed letter, the presumption is gone from the case. (*Bear Creek Master Assn. v. Edwards* (2005) 130 Cal.App.4th 1470, 1486.)

8

Here, Felix's declaration contains evidence supporting a finding he did not actually receive the notice of the December 19, 2018 hearing mailed by the superior court to the street address for California State Hospital–Coalinga. As result, the Evidence Code required the trial court to "determine the existence of nonexistence of [Felix's receipt of the notice] from the evidence without regard to the presumption." (Evid. Code, § 604.) The court did not comply with this statutory directive. Its conclusion that "the presumption created by Evidence Code section 641 is not rebutted" shows the court did not make its determination "without regard to the presumption" as required by Evidence Code section 604. In accordance with that section, the presumption about the delivery of mail no longer had any effect and should have been disregarded.

Another question of statutory interpretation presented by the trial court's reliance on the presumption in Evidence Code section 641 is whether it applies to a plaintiff who is in the custody of the defendant and must rely on the defendant to bring his mail to him. A mailed letter might be "presumed to have been received [at the prison or the state hospital] in the ordinary course of mail" (Evid. Code, § 641), but it is another matter— one outside the control of the plaintiff and the United States Postal Service—whether the prison or hospital delivers the letter to the plaintiff. Thus, applying the presumption in Evidence Code section 641 to a prisoner or patient would, in effect, expand the statute to include a second presumption—namely, that the institution delivers the mail it receives to the prisoner or patient. We decline to interpret the statute to add the second presumption because courts are "not to insert what has been omitted" when construing a statute. (Code Civ. Proc., § 1858.)[4] Therefore, we conclude it was legal error to apply Evidence

---

**4** We note the issue of an institution's delivery of mail has arisen in cases involving the federal civil forfeiture statute. (See 18 U.S.C. § 983.) The circuit courts have adopted three approaches for determining whether an incarcerated prisoner received adequate notice of the forfeiture action. (*United States v. Brome* (2d Cir. 2019) 942 F.3d 550, 553 ["a split persists among the courts of appeals regarding what constitutes adequate notice to prisoners"; Second Circuit joined Third and Fourth Circuits in holding

9

Code section 641 to mail sent to an institutionalized plaintiff, especially when the plaintiff is suing the State of California or one of its agencies.

### 3. Very Slight Evidence Standard

The trial court also abused its discretion in evaluating the evidence because it did not apply a governing legal principle. It is well established that a trial court's exercise of discretionary authority is limited by applicable legal principles. (*County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 316.) Here, when the trial court evaluated Felix's declaration, it did not apply the " 'very slight evidence' " standard articulated by our Supreme Court. (*Elston*, *supra*, 38 Cal.3d at p. 233 [trial court abused its discretion in denying relief].) The failure to apply this standard constituted an abuse of discretion.

Our application of that standard is guided by the Supreme Court's determination in *Elston* that the attorney's declaration explaining the failure to timely respond to requests for admission constituted a showing of excusable neglect. (*Elston*, *supra*, at p. 234.) The attorney's declaration stated that because two attorneys had recently left the firm, his office was understaffed when the request for admissions was received and, as a result of being shorthanded, the request for admissions was misplaced and he was not aware of it until he received notice from the defendant that the matters contained in the request were deemed admitted. (*Elston*, *supra*, at p. 234.) The Supreme Court concluded the attorney had made the requisite showing of excusable neglect and, as a result, "the trial court should have granted the section 473 motion." (*Ibid*.) The court supported this determination about the failure to respond to the request for admissions by noting: "Where an attorney states that he was unaware of his duty to appear or answer because

government must demonstrate the facility's internal procedures for delivering mail are reasonably calculated to ensure prisoner receives notice]; cf. *Nunley v. Dept. of Justice* (8th Cir. 2005) 425 F.3d 1132, 1137–1138 [burden on prisoner to demonstrate inadequacy of procedures]; *Chairez v. United States* (7th Cir. 2004) 355 F.3d 1099, 1101–1102 [service by certified mail provided acceptable notice where there was no evidence of any problems with jail's certified mail delivery system].)

10

his employees misplaced papers or misinformed him as to the relevant date, relief is routinely granted." (*Ibid.*) In accepting counsel's showing of excusable neglect, the court acknowledged his declaration could have been more explicit but concluded his failure to show an established office calendaring procedure did not undermine his showing. (*Ibid.*)

The Supreme Court's adoption of the very slight evidence standard significantly limits the discretion of a trial court. As a practical matter, the Supreme Court used that standard to (1) substitute its decision about which inferences should be drawn from the moving party's evidence for the trial court's decision and (2) conclude "the trial court abused its discretion by denying plaintiffs' motion for relief under section 473." (*Elston*, *supra*, 38 Cal.3d at p. 238.)[5]

---

[5]     Some decisions do not explicitly acknowledge the very slight evidence standard as a limitation on the trial court's discretion. Instead, they appear to hold the test for an abuse of discretion is cases where relief is denied is fully and accurately stated as whether the trial court exceeded the bounds of reason. (See *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 414; *In re Marriage of Eben-King* (2000) 80 Cal.App.4th 92, 118.) We have not applied such an approach in this case because it contradicts what the Supreme Court said and did in *Elston* when it applied the very slight evidence standard to the plaintiffs' evidence, drew inferences favorable to the plaintiffs and unfavorable to the trial court's order, and concluded the trial court abused its discretion in denying relief. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 [under doctrine of *stare decisis*, we must follow decisions of our Supreme Court].)

    We recognize that, in a case involving a request for relief under section 473, our Supreme Court stated: "The *appropriate test* for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479, italics added.) In *Shamblin*, the Supreme Court applied this standard, concluded the trial court's order granting relief under section 473 was within its sound discretion, and reversed the Court of Appeal for substituting its own view of the facts. (*Shamblin, supra,* at p. 479.) Thus, the test for an abuse of discretion identified in *Shamblin* is appropriate when the trial court *grants* relief, not when relief is denied. We do not interpret *Shamblin* as impliedly overruling *Elston* and holding the exceeded-the-bounds-of-reason test is a full and accurate statement of the appropriate test for a trial court's denial of relief. An implied overruling is not a reasonable interpretation because the opinion cites *Elston* for

11

Here, Felix's unopposed declaration presented the only direct evidence on the issue of his receipt of notice of the December 19, 2018 hearing. That declaration stated Felix did not knowingly fail to appear "as I never received notice of such a hearing." The declaration satisfies the very slight evidence standard adopted in *Elston*. Therefore, we conclude the trial court abused its discretion in concluding Felix had not established a surprise for purposes of section 473. (See *Bonzer v. City of Huntington Park* (1993) 20 Cal.App.4th 1474, 1480–1481 [appellants' unimpeached declarations stated notice of hearing was not received; "clear abuse of discretion for the trial court to deny appellants' section 473 motion"].) Felix's failure to appear because he did not receive notice is easily "within the range of situations in which the courts have granted relief from default." (*Elston*, *supra*, 38 Cal.2d 238.)

### C. Procedural Requirements

#### 1. Accompanying Document

A party's application for discretionary relief under section 473, subdivision (b) "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein .…" The rationale for this imposing this condition "is to avoid further delays by compelling the delinquent party to demonstrate a readiness to proceed on the merits." (*Rodriguez v. Brill* (2015) 234 Cal.App.4th 715, 729.) Including the proposed document also assists appellate courts in evaluating whether the moving party has carried its burden of establishing prejudice, which is necessary to obtain a reversal. (See *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 822–823 [appellant's burden to show error was prejudicial].)

The law and motion minute order from the December 19, 2018 hearing states: "Court finds notice has been provided, matter is dismissed due to no appearance." Thus,

---

the principle that "very slight evidence is required to justify a trial court's order setting aside a default." (*Shamblin*, *supra*, at p. 478.)

12

unlike the failure to timely file an answer or respond to discovery, there is no "answer or other pleading proposed to be filed" to correct the grounds for default or dismissal stated in the minute order. When a dismissal is entered for failure to appear at a scheduled hearing, we conclude the accompanying document requirement in subdivision (b) of section 473 does not apply. Thus, Felix's failure to include an accompanying document with his application for relief is not a ground for upholding the denial of his request.

2. *Timeliness*

On February 8, 2019, just 51 days after Felix failed to appear at the December 19, 2018 hearing, Felix's attorney filed a "REQUEST FOR RELIEF FROM DISMISSAL" and Felix's supporting declaration. The trial court denied the request because it was not a noticed motion. For purposes of this appeal, we assume the request constituted an "application … made within a reasonable time" for purposes of subdivision (b) of section 473. Based on this assumption, we need not address the legal question of whether the statutory "application" must be made by a noticed motion when no defendant has appeared in the action.

II. ABSENCE OF PREJUDICE

A. Legal Principles

California's doctrine of reversible error requires appellants to affirmatively demonstrate "the error complained of has resulted in a miscarriage of justice" in order to obtain relief on appeal. (Cal. Const., art. VI, § 13; see § 475 [errors not affecting substantial rights].) In civil cases, the "miscarriage of justice" standard is satisfied when there is a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached. (*Harb v. City of Bakersfield* (2015) 233 Cal.App.4th 606, 617; see *Rodriguez v. Brill*, *supra*, 234 Cal.App.4th at p. 727 [prejudice requirement applied to a motion for relief under § 473].)

13

Accordingly, a ruling on a motion for relief under section 473 will be reversed only upon an abuse of discretion *and* a miscarriage of justice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; see *Dreamweaver Andalusians, LLC v. Prudential Ins. Co. of America* (2015) 234 Cal.App.4th 1168, 1171.) Felix, as the appellant, has the burden of affirmatively establishing the trial court's error was prejudicial. (*Denham*, *supra*, 2 Cal.3d at p. 564.)

B.      Felix's Contentions

Our October 2020 briefing letter notified Felix of his burden to demonstrate prejudice and specifically asked, "if the order denying relief is reversed and the matter remanded with instructions to vacate the dismissal based on the failure to appear, is there a reasonable probability of a more favorable result in light of the mandatory dismissal provisions in sections 583.210, subdivision (a) and 583.250, subdivision (a)(2), which address the failure to serve a lawsuit within three years." Restating the issue, we asked: "In other words, wouldn't the further proceedings in this matter simply result in a dismissal for failing to serve the petition within three years, which is not a more favorable result than the dismissal based on the failure to appear at the order to show cause hearing?" The letter informed Felix that it did not discuss sections 583.210 and 583.250 in detail because he was familiar with those provisions as a result of this court's opinion in his earlier appeal. (*Felix v. People of California* (Jun. 18, 2020, case No. F078523) [nonpub. opn. affirming order dismissing writ petition for failing to effect proper service within three years after the action was commenced].)

In January 27, 2021, this court sent a subsequent briefing letter specifically asking Felix whether he served his petition for writ of mandate on the Attorney General's Office or on the State Department of State Hospitals within three years after his petition was filed in the superior court. Felix was directed to support any affirmative answer to this

14

question by stating how and when it was accomplished. The letter also asked Felix if any document in the appellate record showed a defendant had been properly served.

After extensions of time based on circumstances related to COVID-19, this court received and filed Felix's supplemental appellant's brief on May 20, 2021. This brief presents two approaches. First, Felix contends he properly served his writ petition. Second, he contends that the trial court erred by failing to properly notify him of the defects in service and by failing to appoint legal counsel to represent him. During oral argument, Felix expanded on these points by arguing the exceptional circumstances of this case justified this court (1) exercising its inherent authority to control litigation and (2) granting him relief.

C.     <u>Serving a Public Entity</u>

*1.     Legal Principles*

Service of a summons on a public entity is addressed in section 416.50. The statute defines a " 'public entity' " as "the state and any office, *department*, division, bureau, board, commission, or agency of the state, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in this state." (§ 416.50, subd. (b).) We conclude the State Department of State Hospitals is a "department … of the state" for purposes of the statute and, therefore, qualifies as a public entity. (See Welf. & Inst. Code, § 4000 [State Department of State Hospitals].) Public entities are served "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." (§ 416.50, subd. (a).)

Welfare and Institutions Code section 4004 provides that the State Department of State Hospitals "is under the control of an executive officer known as the Director of State Hospitals." Accordingly, we conclude the Director of State Hospitals is the department's "presiding officer" for purposes of section 416.50, subdivision (a).

### 2. *Felix's Service Attempts*

Felix contends he acted in good faith in serving his writ petition on the Fresno County District Attorney and the Fresno County Superior Court. However, under the statutes that govern service of process, the plaintiff's state of mind and, more specifically, the plaintiff's good faith is not relevant to whether a writ petition was properly served. Under section 416.50, neither the district attorney nor the superior court is authorized to be served on behalf the State Department of State Hospitals.

Felix also contends he gave notice to the California State Hospital—Coalinga through Executive Director A. King and Chief Jack Carter and further contends they are agents of the State Department of State Hospitals. There are two problems with this argument. First, nothing in the appellate record suggests these individuals received actual or constructive notice. Second, nothing in the record shows they qualify as a "clerk" or "secretary" of the State Department of State Hospitals for purposes of section 416.50, subdivision (a). They are not the Director of State Hospitals and, therefore, do not qualify as the "presiding officer" for purposes of section 416.50, subdivision (a). Therefore, we reject Felix's argument because the appellate record does not show King or Carter received notice and, furthermore, they are not persons upon whom service may be made (§ 416.50, subd. (a)).

### D. Claims of Trial Court Error

Felix contends the trial court failed to properly administer his case. He asserts multiple errors occurred, implying that the alleged errors excuse his failure to properly serve the writ petition within three years of commencing this lawsuit.

### 1. *Judge's Responsibilities*

As background for an analysis of Felix's claims of trial court error, we review "some of the legal principles that apply to a trial court's handling of a case involved a self-represented litigant." (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 809 (*Nuño*).) Those principles reflect the balancing of "sometime

16

conflicting public interests in (1) a judiciary that acts with independence, integrity and impartiality and (2) a judicial system that provides citizens with meaningful access to justice." (*Ibid*.) "The first three canons of the California Code of Judicial Ethics state that a judge shall (1) 'uphold the integrity and independence of the judiciary;' (2) 'avoid impropriety and the appearance of impropriety' in all activities; and (3) 'perform the duties of judicial office impartially, competently, and diligently.' Impartiality means the absence of bias or prejudice in favor of, or against, particular parties or classes of parties and the maintenance of an open mind in considering the issues presented. [¶] Restated in general terms, the Code of Judicial Ethics 'requires judges to treat all litigants fairly.' [Citation.]" (*Id*. at p. 810.)

Many cases have addressed "what judges should do to treat self-represented litigants fairly while maintaining their impartiality. For example, judges are not required to act as counsel for a self-represented party. [Citation.] Indeed, judges must not assume the role of advocate for any litigant. [Citation.] Thus, as a general principle, a self-represented litigant *who is not indigent* 'must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse.' [Citation.] This principle was restated by our Supreme Court: '[W]e make clear that mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation.' (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)" (*Nuño*, *supra*, 47 Cal.App.5th at p. 811, italics added.)

Here, Felix has requested lenient treatment based on the specific circumstances of his situation. Thus, his request implies that this is not a case of "mere self-representation" as that term was used by the Supreme Court in *Rappleyea v. Campbell*, *supra*, 8 Cal.4th at page 984. Felix argues he (1) is indigent, (2) has been incarcerated or institutionalized for the last 25 years, (3) is untrained in the law, (4) has limited access to legal materials because of his detention, and (5) his self-representation in this appeal is

17

not a voluntary choice but his only choice because he has not been able to retain a lawyer. These circumstances clearly distinguish Felix from the college professor in *Nuño* who was representing himself in a lawsuit against his employer. Accordingly, we will keep Felix's circumstances in mind in addressing his claims of trial court error.

### 2. *Failure to Notify*

Felix contends the trial court failed to notify him of the failure to serve the defendants and neglected his case for over four years. This argument fails because it is not consistent with the appellate record. The register of action contains a June 10, 2014 entry for a minute order described as stating: "There being no appearances and improper service, this matter comes off calendar. Petitioner may have matter reset when proper personal service is [e]ffected and proper proof is on file." Thus, the record shows the trial court did not neglect the issue of service. Instead, the court notified Felix that service was improper and he needed to file a "proper proof" of that service.

We also consider whether Felix's status as an indigent detainee justifies imposing a duty on the trial court to provide him with multiple notices of the improper service. We have located no authority holding trial courts have such an obligation. Furthermore, imposing such an obligation on a trial court that has provided one notice would be burdensome considering the case load of superior courts. Thus, we will not create a duty to give multiple notices.

### 3. *Compliance with Rules*

Felix contends the trial court erred by "failing to follow the California Rules of the Court" and procedural guidelines described in judicial canons. Felix has not cited the particular rule or judicial canon he contends was violated. The asserted violation is far from obvious and, without information about what rule or canon was violated, we cannot conclude a violation exists. As a result, this argument fails.

18

### 4.     *Delay in Processing*

Felix also complains about delays in the handling of his case.  The delays appear to relate to how long it took the superior court to file the writ petition and to approve his request for a waiver of fees.  The order waiving fees was filed on May 5, 2014.  For purposes of this appeal and our analysis of prejudice, we will assume the "commencement" date of the action is May 5, 2014—an assumption that gives Felix the benefit of the purported delay.  Using the May 2014 commencement date does not aid Felix's attempt to show the dismissal was prejudicial because three years from that date had passed without proper service.  When the dismissal was entered in December 2018, more than four and a half years had elapsed since the May 2014 commencement date.  As a result, even with the benefit of a later commencement date, Felix did not serve his petition within the three years required by statute.  (§§ 583.210, 583.250.)

### 5.     *Appointment of Counsel*

Felix contends the lower court should have used its discretion to appoint an attorney to represent him.  Felix has not supported this argument with a cite to the appellate record showing he requested the appointment of counsel.  Furthermore, he has cited no legal authority holding a trial court has a sua sponte duty to appoint counsel for an institutionalized, indigent plaintiff.  Felix refers to *Smith v. Ogbuehi* (2019) 38 Cal.App.5th 453 and this court's discussion of the discretionary authority of trial courts to appoint counsel in civil cases to safeguard the litigant's right to meaningful access to the courts.  (*Id*. at pp. 468–469.)  The facts in that case are distinguishable from Felix's situation because the self-represented prison inmate filed a motion for the appointment of counsel.  (*Id*. at pp. 458, 461.)  Thus, *Smith v. Ogbuehi* does not establish that a trial court has a duty to appoint counsel on its own motion.

Furthermore, we have located no authority holding such a sua sponte duty exists.  Consequently, we cannot conclude the trial court abused its discretionary authority by failing to implement a measure never requested by Felix before the three-year period

19

lapsed.  (See *Smith v. Ogbuehi*, *supra*, 38 Cal.App.5th at p. 468 [appointment of counsel is a discretionary measure available to a trial court to assure an indigent prisoner is provided meaningful access to the courts].)

E.  Mandatory Dismissal

In summary, Felix has not identified any document in the appellate record showing his writ petition was properly service "within three years after the action [wa]s commenced."  (§ 583.210, subd. (a).)  His claims of trial court error do not establish any ground for excusing him from the service requirement set forth in the statute. Furthermore, we cannot use our inherent authority to rewrite the statute and create an exception for indigent prisoners and detainees.  (See Code Civ. Proc., § 1858 ["In the construction of a statute ..., the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted"].)

It necessarily follows that Felix has failed to demonstrate the dismissal of this action for failure to appear was prejudicial.  If the dismissal order were reversed and the matter remanded for further proceedings, the trial court would be compelled by the mandatory provisions in section 583.250 to enter another dismissal.  Therefore, any error in failing to grant relief pursuant to section 473 was harmless and a reversal would violate requirements specified in the California Constitution.

**DISPOSITION**

The dismissal order is affirmed.  No costs on appeal are awarded because no respondent appeared in the matter.